UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| BRENDA M. JOHNSON, | CASE NO. C19-5316 BHS |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND |
| CATHOLIC COMMUNITY SERVICES and NATIVITY HOUSE, | |
| Defendants. | |

This matter comes before the Court on review of Plaintiff Brenda Johnson's ("Johnson") complaint. Dkt. 6.

On April 19, 2019, Johnson filed a motion for leave to proceed *in forma pauperis* and a proposed complaint. Dkts. 1, 1-1. On May 13, 2019, Magistrate Judge Creatura granted the motion and recommended a review of the complaint before service. Dkt. 5. Johnson alleges that Defendants Catholic Community Services ("CCS") and Nativity House violated her civil rights and discriminated against her on the basis of a housing decision. Dkt. 6. Based on the attachments to Johnson's complaint, it appears that CCS operates the Nativity House as a 90-day temporary shelter for homeless individuals. *Id.* at 20–22.

A federal court may dismiss a claim *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In this matter, Johnson's complaint fails to state a claim. First, Johnson does not allege and it does not appear that CCS is a government entity and therefore is not subject to suit under § 1983 because it does not operate under color of law. In order to state a claim against CCS or the Nativity House Johnson must include allegations establishing that one or both should be considered state actors for the purposes of her civil rights claims.

Second, Johnson fails to state a claim under 42 U.S.C. § 2000a, which prohibits discrimination in places of public accommodation. Johnson fails to provide sufficient allegations to establish that CCS or the Nativity House is the type of public accommodation that is subject to this anti-discrimination law. For example, it appears that the Nativity House is a free, temporary shelter for homeless persons and does not appear to affect interstate commerce. Further, it is unclear whether CCS or the Nativity House is subject to Washington's landlord-tenant law. Therefore, the Court dismisses Johnson's complaint.

"A district court should not dismiss a pro se complaint [with prejudice] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). The Court finds that it is not absolutely clear that Johnson's complaint may not be cured by amendment. Therefore, the Court grants Johnson leave to amend.

Johnson may file an amended complaint no later than June 28, 2019. Failure to file an amended complaint or otherwise respond will result in closing the case without further notice.

**IT IS SO ORDERED**.

Dated this 4th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge