UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA M. JOHNSON,<br><br>                      Plaintiff,<br>    v.<br><br>CATHOLIC COMMUNITY<br>SERVICES, et al.,<br><br>                      Defendants. | CASE NO. C19-5316 BHS<br><br>ORDER DISMISSING AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND |

       This matter comes before the Court on Plaintiff Brenda Johnson's ("Johnson") amended complaint. Dkt. 8.

       On April 19, 2019, Johnson filed a motion for leave to proceed *in forma pauperis* and a proposed complaint. Dkts. 1, 1-1. On May 13, 2019, Magistrate Judge Creatura granted the motion and recommended a review of the complaint before service. Dkt. 5. Johnson alleges that Defendants Catholic Community Services ("CCS") and Nativity House violated her civil rights and discriminated against her on the basis of a housing

ORDER - 1

decision. Dkt. 6. Based on the attachments to Johnson's complaint, it appears that CCS operates the Nativity House as a 90-day temporary shelter for homeless individuals. *Id*. at 20–22.

On June 4, 2019, the Court *sua sponte* dismissed Johnson's complaint for failure to state a claim and granted Johnson leave to amend. Dkt. 7. On June 1, 2019, Johnson filed a new complaint. Dkt. 8. Johnson asserts a claim for breach of contract and diversity jurisdiction. *Id.* at 1. Johnson, however, fails to allege that all of the named defendants are citizens of other states, which is required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (The federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States."). In fact, it appears that the defendants are all citizens of the State of Washington. Dkt. 8 at 2–3. Therefore, the Court *sua sponte* dismisses the complaint for failure to properly allege jurisdiction.

The remaining question is whether the Court should grant Johnson leave to amend for the second time. In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Although Johnson fixed some of the deficiencies in her original complaint, her amended complaint suffers from other deficiencies. The Court finds that Johnson could properly assert diversity jurisdiction in another amended complaint by alleging the citizenship of each defendant. Therefore, the Court grants Johnson leave to amend. An amended complaint shall be

filed no later than August 23, 2019.  Failure to file an amended complaint or otherwise respond will result in dismissal of this action without further order of the Court.

**IT IS SO ORDERED**.

Dated this 2nd day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge