UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA M. JOHNSON, | CASE NO. C19-5316 BHS |
| Plaintiff, | ORDER |
| v. | |
| CATHOLIC COMMUNITY SERVICES, | |
| Defendant. | |

THIS MATTER is before the Court on pro se plaintiff Brenda M. Johnson's Motion to Re-Open Case, Dkt. 64, her substantially similar Motion to Re-Open and Reinstate Case, Dkt. 65, and her Motion for Injunction Relief and Consolidate (and for a Pre-Judgment Writ of Attachment), Dkt. 66. Johnson has also filed a Motion for Agreement Regarding ESI Discovery, Dkt. 78, and a " Cross Motion," Dkt. 101.

Johnson has filed 37 additional documents in this case since March 13, 2023, including various amendments to her motions, miscellaneous documents, letters, notices, a proposed amended complaint, and exhibit lists.

ORDER - 1

1      This case was filed in 2019, and it was dismissed with prejudice in February 2020.

2  Dkts. 50, 51, and 58. Johnson appealed in May 2020, Dkt. 59, and the Ninth Circuit

3  dismissed the appeal as untimely in December 2020. Dkt. 62.

4      Johnson now seeks to re-open the case, but the factual and legal bases of her

5  request are unclear. She appears to seek $198,311,883,431.05 in compensatory, punitive,

6  and special damages. Her filings describe her claim as follows:

> This case requires us to interpret the statute of limitations provision for the Uniform Fraudulent Transfer Act, RCW 19.40 after discovery of the fraudulent nature of the transfer to **preempted it's actions from further** harm. Johnson Plaintiff request Attachment of assets bank accounts and property due to her immunity. Ms Johnson has already suffered enough damages lost of financial support and property.   Plaintiff seeks remedies available from the motion on the merits to affirm the existing Mandate and judgement (s) of Brenda M Johnson against defendants with the following stipulations. Therefore, alleviating further damages and additional harm from the defendant (s) actions of aggression. The fraudulent nature of the transfer which triggers the statute. The defendants have outstanding balances not paid triggering waste of Government funds, abuse of Authority, and lost of property.

Dkt. 66 at 1. This does not address the fact that the case has been closed for more than three years, and it does not make any sense as a standalone claim. It is not clear what relationship the events giving rise to this new flurry of filings have to the case that was long ago dismissed, and Johnson has not addressed the fact that the Court has already entered a final judgment in this case against her.

    The Court will not re-open the case to re-litigate her prior claims or to litigate whatever this new claim is. All of Johnson's Motions are DENIED as baseless and without any facial merit. The case remains closed. The Clerk shall not accept any further

filings in this case other than a notice of appeal. Any new claims shall be filed in a new case.

IT IS SO ORDERED.

Dated this 3rd day of April, 2023.

_____
BENJAMIN H. SETTLE
United States District Judge